**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEITH WAYNE SEKERKE,<br>CDCR #V-15331,<br><br>                              Plaintiff,<br><br>vs.<br><br>V. KEMP, Correctional Officer;<br>A. ANDERSEN, Correctional Officer;<br>A. LAROCCO, Correctional Officer;<br>J. LUNA, Correctional Officer;<br>C. CRESPO, Correctional Officer;<br>J. McGEE, Correctional Officer;<br>G. SAVALA, Correctional; Lieutenant;<br>E. GARCIA, Correctional Captain,<br><br>                              Defendants. | Civil No.    11cv2688 BTM (JMA)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL AND GRANTING EXTENSION OF TIME TO COMPLY WITH COURT'S MARCH 12, 2013 ORDER**<br><br>**[ECF Doc. No. 23]** |

Keith Wayne Sekerke ("Plaintiff"), a prisoner formerly incarcerated at the California Correctional Institution in Tehachapi, is proceeding in this civil action *in pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and the Civil Rights Act, 42 U.S.C. § 1983.

**I.    PROCEDURAL HISTORY**

On March 12, 2013, the Court granted in part and denied in part Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to FED.R.CIV.P. 12(b)(6) [ECF Doc. No. 21]. Specifically, the Court denied Defendant Kemp, Andersen and Crespo's Motion to Dismiss Plaintiff's excessive force claims as alleged in Count 1, but granted Defendant McGee and

Larocco's Motion to Dismiss Plaintiff's inadequate medical treatment claims (also in Count 1). The Court further granted Defendants' Motion to Dismiss Plaintiff's due process claims as alleged in Count 2, as well as their Motion to Dismiss Plaintiff's conspiracy claims pursuant to 42 U.S.C. §§ 1985 and 1986 as alleged in Count 3. *See* March 21, 2013 Order [ECF Doc. No. 21] at 17. Plaintiff was granted the option of either filing an Amended Complaint in light of the pleading deficiencies identified by the Court within forty-five (45) days, or filing a "Notice of Intention to Proceed with his Original Complaint" as to his Eighth Amendment excessive force claims against Defendants Kemp, Andersen and Crespo only. *Id.*

On April 8, 2013, Plaintiff filed a Motion for Appointment of Counsel [ECF Doc. No. 23].

## II.  MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests appointment of counsel because he is "unable to afford counsel," the "issues in [his] case[] are complex," he has limited access to the prison law library, he is "suffering [from] multi-diagnosed mental illnesses," and, while he can "duplicate well," he has "many difficulties ... understanding civil federal law." *See* Pl.'s Mot. for Appointment of Counsel at ¶¶ 1-4.

Nonetheless, "[t]here is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *see also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted). Federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts do have discretion pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation

of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court agrees that counsel would better enable Plaintiff to present "expert witnesses and testimonies," "perform discovery adequately," and cross-examine witnesses in the event of trial. *See* P&As in Supp. of Pl.'s Mot. at 4, 6-7. Indeed, any pro se litigant "would be better served with the assistance of counsel." *Rand*, 113 F.3d at 1525 (citing *Wilborn*, 789 F.2d at 1331). However, so long as a pro se litigant, like Plaintiff in this case, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might *require* the appointment of counsel do not exist. *Id.* (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better– particularly in the realms of discovery and the securing of expert testimony.").

In this case, Plaintiff's Complaint demonstrates his ability to articulate essential facts supporting his claims. And while some of his claims have been dismissed pursuant to FED.R.CIV.P. 12(b)(6), the Court's March 12, 2013 Order clearly identified the governing law and explained specifically why Plaintiff's pleading, at least in part, failed to state a claim. *See Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (noting that "[w]hile [the] statement of deficiencies need not provide great detail or require district courts to act as legal advisors to pro se plaintiffs, [the dismissal order] must at least [include] a few sentences explaining the [complaint's] deficiencies."). In addition, while Plaintiff's incarceration may make litigation more difficult for him, the Court takes judicial notice that he has nonetheless ably managed to file seven separate actions in this Court alone since 2005,[1] three of which still remain pending. *See Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (noting that court "'may take notice

---

[1] In addition to this case, Plaintiff has filed *Sekerke v. CA Bd. of Prison Terms*, S.D. Cal. Civil Case No. 05cv00293 IEG (AJB) (closed 2/17/05); *Sekerke v. Hernandez, et al.,* S.D. Cal. Civil Case No. 09cv0360 JAH (JMA) (closed 11/29/10); *Serkerke v. Morris, et al.,* S.D. Cal. Civil Case No. 11cv1912 JAH (BGS) (closed 3/25/13); *Sekerke v. Glynn, et al.,* S.D. Cal. Civil Case No. 11cv1914WQH (BLM) (closed 3/22/13); *Sekerke v. Wallace, et al.,* S.D. Cal. Civil Case No. 11cv1978 JAH (NLS) (pending), and *Sekerke v. Sec'y/Director of Cal. Dept. of Corrections, et al.*, S.D. Cal. Civil Case No. 12cv0989 JAH (MDD) (pending).

of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (internal citations omitted).

Thus, because in this case the Court has granted Plaintiff an opportunity to amend, and, for reasons explained below, will provide him extra time in which to do so, neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

### III.  EXTENSION OF TIME

As noted above, on March 12, 2013, this Court granted Plaintiff 45 days in which to either file an Amended Complaint or to notify the Court that he instead wished to proceed only with those claims it found sufficient to survive Defendants' Motion to Dismiss. *See* March 12, 2013 Order [ECF Doc. No. 21] at 17-18.  Instead, Plaintiff filed a Motion for Appointment of Counsel, in which he fails to indicate which course of action he intends to pursue–and the time for doing either will soon elapse. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ... technical procedural requirements.").  Thus, the Court finds good cause to grant Plaintiff an extension of time in which to comply with its March 21, 2013 Order.  "'Strict time limits ... ought not to be insisted upon' where restraints resulting from a pro se ... plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967); *see also Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000) (reversing district court's dismissal of prisoner's amended pro se complaint as untimely where mere 30-day delay was result of prison-wide lockdown).

### IV.  CONCLUSION AND ORDER

Accordingly, the Court hereby **DENIES** Plaintiff's Motion for Appointment of Counsel [ECF Doc. No. 23] without prejudice and **GRANTS** him an extension of time in which to either: a)  file with the Court and serve upon Defendants an Amended Complaint which addresses all the deficiencies of pleading identified in the Court's March 12, 2013 Order [ECF Doc. No. 21]; or b) file and serve a "Notice of Intention to Proceed with his Original Complaint" as to the

Eighth Amendment claims currently alleged in Count 1 against Defendants Kemp, Andersen, and Crespo only. Plaintiff's Amended Complaint or Notice to Intention to Proceed must be served on Defendants and received by the Court no later than **Friday, May 31, 2013.**

Plaintiff is once again cautioned that should he elect to amend, his Amended Complaint must be complete in itself, that it will supersede his original Complaint, and that any claim not re-alleged against any Defendant previously named will be considered waived. *See* S.D. CAL. CIVLR 15.1; *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

If Plaintiff elects *not* to amend, and instead files a "Notice of Intention to Proceed with his Original Complaint," the Court shall thereafter direct Defendants Kemp, Andersen, and Crespo to file an Answer to Plaintiff's Complaint [ECF Doc. No. 1] within the time provided by FED.R.CIV.P. 12(a)(4)(A).

**IT IS SO ORDERED**.

DATED: May 1, 2013

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court