UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WAYNE SEKERKE,<br>CDCR # V-15331,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>V. KEMP, Correctional Officer;<br>A. ANDERSEN, Correctional Officer;<br>A. LAROCCO, Correctional Officer;<br>J. LUNA, Correctional Officer;<br>C. CRESPO, Correctional Officer;<br>J. McGEE, Correctional Officer;<br>G. SAVALA, Correctional; Lieutenant;<br>E. GARCIA, Correctional Captain,<br><br>　　　　　　　　　　　　　Defendants. | Civil No.   11cv2688 BTM (JMA)<br><br>**ORDER:**<br><br>**(1)  DIRECTING CLERK TO ENTER PARTIAL JUDGMENT PURSUANT TO Fed.R.Civ.P. 54(b) AS TO DEFENDANTS McGEE, LAROCCO, SAVALA, LUNA, AND GARCIA**<br><br>**AND**<br><br>**(2)  DIRECTING DEFENDANTS KEMP, ANDERSEN, AND CRESPO TO FILE AN ANSWER AS TO THE EXCESSIVE FORCE CLAIMS IN PLAINTIFF'S COMPLAINT PURSUANT TO Fed.R.Civ.P. 12(a)(4)(A)** |

　　　Keith Wayne Sekerke ("Plaintiff"), formerly incarcerated at the California Correctional Institution in Tehachapi, is proceeding in this civil action in pro se and *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and the Civil Rights Act, 42 U.S.C. § 1983.

/ / /

## I.  Procedural History

On March 12, 2013, the Court granted in part and denied in part Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to FED.R.CIV.P. 12(b)(6) [ECF Doc. No. 21]. Specifically, the Court denied Defendant Kemp, Andersen and Crespo's Motion to Dismiss Plaintiff's excessive force claims as alleged in Count 1, but granted Defendant McGee and Larocco's Motion to Dismiss Plaintiff's inadequate medical treatment claims (also in Count 1). The Court further dismissed Plaintiff's due process claims against Defendants Andersen, Crespo, Kemp, McGee and Larocco as alleged in Count 2, as well as Plaintiff's conspiracy claims against Defendants Andersen, Crespo, Kemp, McGee, Larocco, Savala, Luna, and Garcia pursuant to 42 U.S.C. §§ 1985 and 1986 as alleged in Count 3. *See* March 21, 2013 Order [ECF Doc. No. 21] at 17. Plaintiff was granted the option of either filing an Amended Complaint in light of the pleading deficiencies identified by the Court within forty-five (45) days, or filing a "Notice of Intention to Proceed with his Original Complaint" as to his Eighth Amendment excessive force claims against Defendants Kemp, Andersen and Crespo only. *Id.*

On April 8, 2013, Plaintiff filed a Motion for Appointment of Counsel [ECF Doc. No. 23], followed by a Notice of Change of Address on April 24, 2013, in which he indicated he had been released from state custody, but nevertheless wished "to proceed in pro se with all [his] complaints." *See* ECF Doc. No. 26 at 1.

About a week later, on May 1, 2013, the Court denied Plaintiff's Motion for Appointment of Counsel, but also granted him an extension of time in which to comply with the Court's March 21, 2013 Order in light of his change in circumstances. *See* ECF Doc. No. 27 at 4-5. The Court once again directed Plaintiff to either "a)  file with the Court and serve upon Defendants an Amended Complaint which addresses all the deficiencies of pleading identified in the Court's March 12, 2013 Order [ECF Doc. No. 21]; or b) file and serve a "Notice of Intention to Proceed with his Original Complaint" as to the Eighth Amendment claims currently alleged in Count 1 against Defendants Kemp, Andersen, and Crespo only." *Id.*  Plaintiff was given until May 31, 2013 to comply. *Id.* at 5. That date has now passed without any action by Plaintiff whatsoever.

/ / /

## II.  Discussion

A federal court may sua sponte dismiss a suit for failure to prosecute. *Chambers v. NASCO, Inc.* 501 U.S. 32, 44 (1991) (citing *Link v. Wabash*, 370 U.S. 626, 63-32 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). Thus, in addition to Federal Rule of Civil Procedure 41(b), which permits dismissal of "the action or any claim" upon motion by a defendant "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," a court may also exercise its inherent power to dismiss for the same reasons. FED.R.CIV.P. 41(b); *Chambers*, 501 U.S. at 41; *Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 68, 689 (9th Cir. 2005). A dismissal for failure to prosecute under Rule 41(b) "operates as an adjudication on the merits." FED.R.CIV.P. 41(b). Federal Rule of Civil Procedure 54(b) further provides:

> [w]hen an action presents more than one claim for relief–whether as a claim, counterclaim, crossclaim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

FED.R.CIV.P. 54(b); *Curtiss–Wright Corp. v. Gen. Elec. Corp.*, 446 U.S. 1, 7 (1980).

## III.  Conclusion and Order

Because Plaintiff has failed to state *any* claim against Defendants McGee, Larocco, Savala, Luna, or Garcia, and has further failed to file an Amended Complaint after being provided with an explanation of his pleading deficiencies and granted extensions of time in which to do so, the Court hereby DISMISSES these parties based on Plaintiff's failure to prosecute.

Further, as there are no remaining claims against Defendants McGee, Larocco, Savala, Luna, or Garcia and no just reason for delay, the Clerk of Court is hereby DIRECTED to enter a partial judgment as to these Defendants pursuant to FED.R.CIV.P. 54(b). Because the Court has denied Defendants' Motion to Dismiss Plaintiff's excessive force claims as to Defendants

1  Kemp, Andersen and Crespo as alleged in "Count 1" of Plaintiff's Complaint, however, those
2  claims remain before the Court.
3    Accordingly, Defendants Kemp, Andersen, and Crespo are hereby DIRECTED to file an
4  Answer as to Plaintiff's excessive force claims no later than **July 15, 2013.**  *See* FED.R.CIV.P.
5  12(a)(4)(A).  Thereafter, United States Magistrate Judge Jan M. Adler shall set a case
6  management conference hearing on his calendar pursuant to S.D. CAL. CIVLR 16.1(d).
7    **IT IS SO ORDERED**.

9  DATED:  June 20, 2013

10  _____
    BARRY TED MOSKOWITZ, Chief Judge
11  United States District Court