# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WAYNE SEKERKE,<br><br>                Plaintiff,<br>  v.<br>V. KEMP ET. AL,<br><br>                Defendant. | Case No. 11cv2688 BTM-JMA<br><br>**ORDER RE MOTION FOR RULE 60 RELIEF** |

Plaintiff moves for relief from judgment under Fed. R. Civ. P. 60. For the reasons that follow, the motion is **DENIED**.

## BACKGROUND

On August 26, 2014, the parties entered into a settlement agreement in this case and filed a Joint Motion to Dismiss. Doc. 59. The case was dismissed with prejudice on August 27, 2014 ("Dismissal Order"). Doc. 60. Now pending is Plaintiff's motion requesting the Court to vacate his voluntary dismissal of the above-captioned case, and <u>inter alia</u>, compel Defendants to appear for argument, or issue a corrective order or a Writ of Execution under Fed. R. Civ. P. Rule 69(a)(1) ("Rule 50 motion"). Doc. 63. Defendants have opposed the motion. Doc. 68.

/ / /

## DISCUSSION

Under Fed. R. Civ. P. 60(b), a federal court may grant relief from a final judgment or order due to mistake, newly discovered evidence, fraud, misconduct of an opposing party, the judgment having become void or satisfied, or "any other reason that justifies relief." Id.

Plaintiff bases his Rule 60 motion on allegations that Defendants have violated the settlement agreement by failing to pay the agreed settlement amount. Plaintiff attributes this to Defendants' erroneous application of California Penal Code § 2085.5(a), governing restitution obligations. Plaintiff also asserts that section 2085.5(a) applies to "prisoners," and that he is not a prisoner because he was discharged on March 21, 2013, and is no longer a parolee. Defendants argue that the settlement was paid out to satisfy Plaintiff's restitution obligations and mandatory administrative fee in accordance with the agreement and law.

The Court finds that it need not reach the merits of the dispute because it lacks subject matter jurisdiction over Plaintiff's Rule 60 motion, which seeks determination and enforcement of the terms of the underlying settlement agreement. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994); K.C. ex rel. Erica C. v. Torlakson, 762 F.3d 963, 967 (9th Cir. 2014). First, while a district court has jurisdiction to enforce its own judgments, this matter did not produce an enforceable judgment. See Peacock v. Thomas, 516 U.S. 349, 356 (1996).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1 | Another jurisdictional exception exists if the order dismissing the matter incorporates the settlement terms, whereby a violation of those terms would amount to a violation of the court's order and endow that court with "ancillary jurisdiction" to "vindicate its authority." Kokkonen, 511 U.S. at 379-80; see O'Connor v. Colvin, 70 F.3d 530, 532 (9th Cir. 1995).

This case was dismissed after the parties filed their Joint Motion to Dismiss, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(2) and Local Rule 7.2. The parties' settlement agreement was not filed with that motion and the Court did not review it before issuing the Dismissal Order. Additionally, the Dismissal Order did not specifically retain jurisdiction over the matter, incorporate the settlement agreement, or include a condition requiring the parties' compliance with its terms. The Dismissal Order merely noted that "a settlement has been reached." This is insufficient to confer ancillary jurisdiction, since "[t]he judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." Kokkonen, 511 U.S. at 381; see also In re Valdez Fisheries Dev. Ass'n, Inc., 439 F.3d 545, 549 (9th Cir. 2006); Carbonell v. I.N.S., 429 F.3d 894, 901-02 (9th Cir. 2005).

Lacking "ancillary jurisdiction," Plaintiff's Rule 60 motion essentially raises a separate contract dispute requiring its own jurisdictional basis. See O'Connor v. Colvin, 70 F.3d 530, 532 (9th Cir. 1995). "Jurisdiction, however, is not derived from Rule 60(b) itself. . ." In re Hunter, 66 F.3d 1002, 1005 (9th Cir. 1995). The Court finds that no independent statutory jurisdictional basis, 28 U.S.C. § 1331, exists in this matter. Additionally, Plaintiff and Defendants are citizens of California, so diversity jurisdiction, 28 U.S.C. § 1332, could not support this litigation.

/ / /

/ / /

1 | Therefore, the Court DENIES Plaintiff's Rule 60 motion for lack of jurisdiction. To the extent that Plaintiff seeks enforcement of the settlement agreement, this Order is without prejudice to any state court proceedings Plaintiff may wish to initiate concerning that settlement agreement.

**IT IS SO ORDERED.**

DATED:  July 6, 2015

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court